**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD GILLASPY,

           Plaintiff - Appellant,

   v.

JONATHAN E. FIELDING; et al.,

           Defendants - Appellees.

No. 11-55289

D.C. No. 2:10-cv-02128-DSF-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

    Richard Gillaspy appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various federal and state causes of

action in connection with his discharge from employment with the County of Los

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Angeles. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (judicial immunity and statute of limitations); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (failure to state a claim). We affirm.

The district court properly dismissed Gillaspy's claims against defendants Yaffe, Armstrong, Kriegler, Turner, and Stiglitz, because these defendants are immune from liability. *See* 42 U.S.C. § 1983 (barring injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable"); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (judges retain their immunity from suit when they are accused of acting maliciously or corruptly); *Olsen*, 363 F.3d at 923 (absolute immunity extended to agency representatives performing functions analogous to those of a judge).

The district court properly dismissed Gillaspy's remaining federal constitutional claims as time-barred. *See Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 n.3 (9th Cir. 2009) (§ 1983 actions are governed by the forum state's statute of limitations for personal injury actions, which in California is two years); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (a mere continuing impact from past violations does not give rise to a new cause of action).

11-55289

The district court properly dismissed Gillaspy's state claims because Gillaspy was required, but failed, to comply with the requirements of California's Government Code § 900 et seq. *See Loehr v. Ventura Cnty. Comm. Coll. Dist.*, 195 Cal. Rptr. 576, 581-82 (Ct. App. 1983) (narrow exception of Cal. Gov. § 905(c) applies only to claims seeking recovery of previously-earned salary or wages, not to claims seeking "monetary damages for defendants' alleged misconduct in preventing [plaintiff] from rendering services through which he might have acquired a vested right to additional amounts in salary or benefits").

The district court did not abuse its discretion in denying Gillaspy's motion to declare the judgment void under Fed. R. Civ. P. 60 because Gillaspy provided no basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth requirements for reconsideration).

Gillaspy's remaining contentions are unpersuasive.

Gillaspy's petition for writ of mandamus, filed on November 8, 2011, is denied.

Gillaspy's opposed motion requesting an expedited ruling, filed on February 27, 2012, is denied.

**AFFIRMED.**

3                                                                11-55289